Hillsborough,
March 5, 1940. } No. 3142.

MARIA NORMAND *Adm'x, & a.* v. LEONCE NORMAND *& a.*

*Chretien & Craig,* for the plaintiffs.

*Richard F. Upton* and *Robert W. Upton,* for the defendant Leonce Normand.

*McLane, Davis & Carleton,* for the other defendants.

MARBLE, J. It is the general rule that the death of a partner dissolves the firm and vests in the surviving partner or partners the possession and management of the partnership property for the purpose of settling the firm's affairs. *Cotton v. Stevens*, 79 N. H. 224. It is not uncommon, however, for articles of copartnership to provide the method by which the partnership affairs shall be settled, and when such provisions exist they must prevail. Parsons, Partnership (4th *ed.*), *s.* 344.

Partners "may agree that upon the death of any of their number, the survivors shall become the absolute owners of the firm assets, with a personal liability to pay the deceased partner's representatives for his interest." Burdick, Partnership (3d *ed.*), 148. In such a situation the right of the representatives is to have the value of the deceased partner's interest "ascertained in the method prescribed by the agreement, and paid by the survivors in the stipulated manner." *Ib.* 149.

The partnership agreement in the present case provides, in effect, that in the event of a partner's death his legal representative is to be paid a sum based primarily on the value of the deceased partner's interest in the firm, and on payment of that sum title to the partnership property is to vest in the surviving partners. Since the sum to be thus paid is capable of judicial determination, it cannot be deemed indefinite or uncertain. *Kann v. Company*, 81 N. H. 535, 540; s. c. 85 N. H. 41, 48. On the death of George Normand the surviving partners were obligated to pay to George's legal representative, and the latter was required to accept, the value of George's share as stipulated in the contract.

Although the original partnership was dissolved by the death of George, the pleadings indicate that the surviving partners continued the business precisely as before with no intentional departure from their former course of dealing. Under such circumstances it is presumed that they intended the original articles of copartnership to be those of the new partnership "excepting such, if any there were, as were plainly inapplicable." See Parsons, Partnership (4th *ed.*), *s.* 165, and cases cited.

"If a partnership is continued after the expiration of the time originally contemplated, or is dissolved by the retirement or addition of a partner, the business being continued, the continued partnership is deemed to be on the same terms, as far as applicable, as before" (Bates, Partnership, *s.* 216, and cases cited), and a provision in the articles that if a partner dies before the expiration of the partnership

term the surviving partner shall pay a stated sum for the deceased partner's interest applies to the continued partnership (*Cox* v. *Willoughby*, 13 Ch. Div. 863).

It follows that Leonce, as sole surviving partner, is entitled to acquire the interests of both George and Aimé on the terms prescribed by clause 5 of the partnership agreement. When George died, Aimé and Leonce each owed George's estate one sixth of the value of the partnership property. When Aimé died, Leonce owed Aimé's estate one half of the value. Since George's estate has not been paid, Leonce should pay the administratrix one third of the value of the partnership property as of the date of George's death. He should pay Aimé's estate one half the value as of the date of Aimé's death less one sixth of the value as of George's death.

The questions transferred are answered in the affirmative.

*Case discharged.*

All concurred.

---

ON MOTION FOR REHEARING. After the foregoing opinion was filed Sylvio Normand, individually and as executor of the will of Aimé Normand, and the other defendants interested under the will moved for a rehearing on the ground that the record is so ambiguous and inadequate that this court cannot properly determine the questions transferred "until the facts involved are more fully and clearly presented" in the Superior Court.

*McLane, Davis & Carleton*, for the motion.

MARBLE, J. Counsel state in the motion that the reserved case "was prepared by and agreed upon" by the attorneys representing the interested parties and assert that if they are relieved from the agreement by the Superior Court, they are prepared to establish facts tending to prove that Aimé and Leonce Normand, after the death of George Normand, "operated the business as trustees." The proffered evidence is to the effect that "the former articles of partnership were recognized to be unsatisfactory," that there was no express agreement "either to accept the terms of the old partnership or to enter into a new partnership agreement," and that on July 31,

1939, a "draft of a new proposed partnership agreement" was submitted by Aimé to Leonce but "was never executed owing to Aimé's death."

We find in this evidence nothing to indicate the existence of a trusteeship. On the contrary, the fact that Aimé and Leonce were contemplating new articles of partnership definitely confirms the presumption that they were continuing business under the old articles until a new agreement could be reached.

*Motion denied.*

All concurred.